IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD DARGAN,                          :
      Plaintiff                      :
   v.                                   : Case No. 3:24-cv-148-SLH-KAP
BLAIR COUNTY, *et al.*,                 :
      Defendants                     :

<u>Report and Recommendation</u>

<u>Recommendation</u>

    I recommend that the complaint be dismissed pursuant to Fed.R.Civ.P. Rule 41(b) for failure to prosecute. This is being filed as a recommendation because pre-service dismissal is appropriate, and it would be wasteful to proceed with this case to determine whether all parties would consent to Magistrate Judge jurisdiction.

<u>Report</u>

    Plaintiff, according to the public docket maintained by the state courts, is charged in several cases pending in the Blair County Court of Common Pleas, and in at least one is awaiting sentencing after being tried earlier this year. *See* <u>Commonwealth v. Dargan</u>, Case no. CP-07-CR-681-2022 (C.P.Blair). In July 2024 plaintiff filed a five-page handwritten document, loosely describing his involvement in criminal proceedings in Blair County, that from its prayer for monetary relief appeared to be intended as a civil complaint. ECF no. 1. I administratively closed this matter on July 10, 2024, ECF no. 2, advising plaintiff that it would remain administratively closed until plaintiff paid the filing fee or a valid motion to proceed *in forma pauperis*. Plaintiff did neither, instead filing documents at intervals over the last year that can be construed as supplements to the complaint or as a motion to amend the complaint. This is not the first time plaintiff has done this. *See* <u>Dargan v Houston</u>, No. 3:22-cv-22-SLH (W.D.Pa. December 6, 2023)(dismissing complaint for failure to prosecute).

    The complaint should be dismissed for failure to prosecute. The six-factor analysis of <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir.1984) and <u>Hildebrand v. Allegheny County</u>, 923 F.3d 128, 132 (3d Cir.2019), is superfluous because there is a statutory command requiring a filing fee or valid motion to proceed *in forma pauperis* from plaintiffs. Plaintiff cannot continue to use the Clerk's Office as a free storage cabinet for his paperwork.

    Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation. Parties are

advised that in the absence of timely and specific objections any appeal would be severely hampered or entirely defaulted. *See* EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir.2017)(describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE:  September 30, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Donald D. Dargan #0701052
Blair County Prison
419 Market Square Alley
Hollidaysburg, PA 16648