IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD DARGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 3:24-cv-148 |
| | ) Judge Stephanie L. Haines |
| BLAIR COUNTY and D.A.'s OFFICE, | ) Magistrate Judge Keith A. Pesto |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM ORDER

On July 1, 2024, Plaintiff, Donald Dargan ("Plaintiff") lodged a Complaint without a Motion to Proceed in Forma Pauperis ("IFP") or a filing fee. The Complaint (ECF No. 1) alleges various illegal actions that were committed against Plaintiff including civil rights violations under 42 U.S.C. § 1983. The matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

On July 10, 2025, Judge Pesto ordered this case administratively closed because Plaintiff had failed to pay the correct filing fee or complete a Motion for IFP (ECF No. 2) and stated that the matter would be reopened once the defect was corrected. Since the administrative closing of the case, Plaintiff has filed two Supplements to his Complaint (ECF Nos. 3, 5), Correspondence (ECF No. 4), and a Motion for Leave to Amend the Complaint (ECF No. 6). None of these filings cured the defect that caused the close of the case.

On September 30, 2025, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 7) recommending Plaintiff's Complaint (ECF No. 1) be dismissed for failure to prosecute.[1]

---

[1] The Third Circuit Court of Appeals has stated that "a district court dismissing a case *sua sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.'" *Qadr v. Overmyer*, No. 15-3090, 642 F. App'x 100 at 103 (quoting *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008)). Before engaging in a *sua sponte* dismissal, "the district court 'should provide the plaintiff with an opportunity to

1

While there is law established under *Poulis* for *sua sponte* review of a case for failure to prosecute, the Court hardly finds this case worthy of such a substantive review as the case hasn't been properly filed from the outset and Plaintiff was provided notice of the deficiencies over a year ago. Judge Pesto provided Plaintiff a deadline of October 14, 2025, to file Objections to the Report and Recommendation.

On October 16, 2025, Plaintiff filed another Correspondence (ECF No. 8) to the Court. He states, "When I filed my Complaint, I also included a money order in the mail filing in the amount of Four Hundred Dollars. After learning that the money order supposedly never made it to its destination, I filed another similar complaint and with it a money order in the amount of Four Hundred and Five Dollars." ECF No. 8, pp. 1-2 (cleaned up). After consultation with the Clerk's Office, it was confirmed that money orders were never received to cover the filing fee in this case. The Clerk's Office also stated that Plaintiff has multiple cases pending in the Court where he has not complied with orders to submit a filing fee or Motion for IFP. The Court finds that Plaintiff has been given ample opportunity to cure the deficiency of a filing fee in this case and the case will be dismissed.

Accordingly, the following order is entered:

---

explain his reasons for failing to prosecute the case or comply with its orders.'" *Id.* (quoting *Briscoe*, 538 F.3d at 258).

In *Poulis v. State Farm Fire & Cas.* Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted).

**ORDER**

AND NOW, this 23rd day of October, 2025, IT IS ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 7) is adopted as the Opinion of the Court; and

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1) is hereby DISMISSED; and

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 6) is dismissed as moot; and

IT IS FURTHER ORDERED that this case is to be terminated.

Stephanie L. Haines
United States District Judge